UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD W. WILTON, | C08-1470RSM |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO TRANSFER |
| HALLCO INDUSTRIES, INC., | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion to Transfer/Dismiss" (Dkt. #4). Defendant seeks to transfer the case to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1404(a). Alternatively, Defendant argues that the case should be dismissed under the doctrine of forum non conveniens. Plaintiff responds that Defendant has failed to meet its burden in justifying either transfer or dismissal.

For the reasons set forth below, the Court agrees with Plaintiff, and DENIES Defendant's motion in its entirety.

## II. DISCUSSION

**A.  Background**

Plaintiff Donald W. Wilton ("Plaintiff") filed the instant discrimination claim against his former employer, Defendant Hallco Industries, Inc. ("Hallco") in King County Superior Court

ORDER
PAGE - 1

in Washington state. Plaintiff, who is 66 years old, alleges that his former employer "harassed him on the basis of age [and] failed to provide [him] with a safe working environment and failed to adequately supervise its employees." (Pl.'s Compl., ¶ 1.1). Plaintiff asserted a total of nine claims against Hallco based on the Washington Law Against Discrimination ("WLAD") as codified by RCW 49.60 *et seq.*, Washington's Minimum Wage Act ("WMWA") as codified by RCW 49.52 *et seq.*, and Washington common law. (*Id.*).

Plaintiff is a resident of King County, Washington, while Hallco is an Oregon corporation headquartered in Tillamook, Oregon. Hallco is in the business of selling reciprocating conveyors, which are used to move large loads into and out of trucks. These conveyors are built into the floor of the trucks themselves. According to Plaintiff, he worked for over 17 years in various managerial capacities at Hallco. Hallco disputes this fact, indicating that Plaintiff left for significant periods of time throughout the 17 years he claims he was employed by Hallco. In any event, it is undisputed that his employment ended with Hallco on July 23, 2008. Plaintiff claims he was terminated because of his age, and was replaced by a much younger employee. At the time he was released by Hallco, Plaintiff was responsible for sales operations internationally and in central Canada. Plaintiff further indicates that he worked out of an office in Covington, Washington while he was employed with Hallco.

Shortly after Plaintiff filed the instant complaint in King County, Hallco removed the case to this Court. Hallco now moves to transfer the case to the United States District Court for the District of Oregon. Hallco alleges that transfer is warranted because all of the actions which forms the basis of Plaintiff's complaint took place in Oregon, the majority of non-party witnesses reside in Oregon, and Hallco has its headquarters and conducts in business in Oregon. Hallco alternatively seeks to dismiss the case on the doctrine of forums non conveniens.

**B.    Motions to Transfer**

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary

inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citation omitted). The statute "displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Section 1404(a) is not, however, simply a codification of the common law doctrine. In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The decision to transfer an action is left to the sound discretion of the trial court, and must be determined on an individualized basis. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The statute has two requirements on its face. First, the district to which defendants seek to have the action transferred must be one in which the action "might have been brought." 28 U.S.C. § 1404(a). Second, the transfer must be for the "convenience of parties and witnesses," and "in the interest of justice." *Id*. Here, there is no question that this action could have been brought in Oregon. Hallco is an Oregon corporation with its principal place of business in Oregon. Indeed, Plaintiff does not dispute that this action could have been brought in Oregon. Therefore the primary issue for this Court to resolve is whether the second requirement of § 1404(a) has been met.

In determining whether a transfer is appropriate under this requirement, the Court must weigh numerous factors, including: (1) the location where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F. 3d 495, 498-99 (9th Cir. 2000). Other relevant considerations, drawn from the traditional forum non conveniens analysis, are: (8) the pendency of related litigation in the transferee forum; (9) the relative congestion of the two courts; and (10) the public interest in the local

ORDER
PAGE - 3

adjudication of local controversies. *See Decker Coal*, 805 F. 2d at 843. The burden is on the defendant to demonstrate that the transfer is warranted. *Saleh, et al., v. Titan Corporation*, 361 F. Supp. 2d 1152, 1155 (C.D. Cal. 2005). Because these factors cannot be mechanically applied, they shall be considered under the statutory requirements of convenience of parties, convenience of witnesses, and the interests of justice.

**1. Convenience of the parties**

There is a strong presumption in favor of plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to upset the plaintiff's choice of forum."). "This presumption must be taken into account when deciding whether the convenience of the *parties* [] requires a transfer." *Gherebi v. Bush*, 352 F.3d 1278, 1303 (9th Cir. 2003) (emphasis in original). The Court recognizes that there has been recent authority that suggests that this burden has been overstated. *See Saleh*, 361 F.Supp.2d at 1157-58. However, these cases generally deal with plaintiffs who do not reside in the forum where the litigation was originally brought. *Id.* (collecting cases). In such situations, plaintiffs are often engaged in forum-shopping or otherwise making it prohibitively expensive for defendants to litigate in the plaintiff's preferred forum. That is obviously not the case here, as Plaintiff is undisputably a resident of this district..

Furthermore, Hallco fails to make a compelling argument why Oregon is the more convenient forum for both parties. Hallco claims that all sources of proof are in Oregon, including Plaintiff's personnel files and other records associated with Plaintiff's employment. But Plaintiff has brought discrimination claims under the WLAD, the WMWA, and Washington common law. There is no key piece of evidence or a series of documents that are material to the instant case that make Oregon more convenient to both parties than Washington. Even assuming that there was, there is little doubt that Hallco can easily transmit such information through email if the information is stored electronically, or via traditional methods of delivery given that Hallco is headquartered in a neighboring state. *See*, *e.g.*, *Gates Learjet Corp v. Jensen*, 743 F.2d 1325 (9th Cir. 1984) ("[Courts] should keep in mind that the increased speed

ORDER
PAGE - 4

and ease of travel and communication . . . makes . . . no forum as inconvenient today as it was [in years past].") (internal quotations and citation omitted).

The Court also notes that the District of Oregon in Portland, where this case would be transferred, is approximately a three hour drive from Seattle. Hallco's headquarters in Tillamook, Oregon, is roughly 75 miles west from Portland. Therefore the total driving time from Tillamook to Seattle is anywhere from six hours, as Hallco conservatively estimates, to five hours, which would be the more likely driving time for a typical resident of the Pacific Northwest. Either way, the driving time between cities is reasonable. This is certainly not the typical transfer case the Court is accustomed to adjudicating where the distance between courts is great.

Hallco also fails to show that the alleged events that gave rise to the instant lawsuit occurred in Oregon rather than Washington. Hallco only submits that the employment agreement and a purchase agreement between Plaintiff and Hallco were negotiated and executed in Oregon. However, while the actual terms of these agreements may be potentially relevant, there is no choice-of-venue provision that Hallco can point to which indicates that the District of Oregon is the proper forum. As a result, the fact that they were allegedly executed and negotiated in Oregon has little, if any, relevance to Plaintiff's discrimination claims. Under such circumstances, the plaintiff's choice of forum should be preserved. This factor weighs against transfer.

**2. Convenience of the witnesses**

"The relative convenience of the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh*, 361 F. Supp. 2d at 1160 (citation omitted); *Int'l Comfort Products, Inc. v. Hanover House*, 739 F. Supp. 503, 507 (D. Ariz. 1989). "While the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the most important factor." *Saleh*, 361 F. Supp. 2d at 1160 (citation omitted). Additionally, the court must consider not only how many witnesses each side has and the location of each, but the importance of each witness as well. *See Gates*, 743 F.2d at 1335-36.

ORDER
PAGE - 5

1       Here, Hallco claims that with the exception of Plaintiff himself, single witness resides in
2 Oregon. Plaintiff rebuts this assertion by identifying 19 individuals that will testify on his behalf
3 that reside in this district. In addition, Hallco argues that the relative importance of Plaintiff's
4 witnesses is minimal. But given that Plaintiff raises claims for emotional distress in addition to
5 his discrimination claims, many of Plaintiff's key witnesses that can testify about his state of mind
6 reside in this district. Hallco also suggests that Plaintiff's witnesses are duplicative. The Court
7 notes, however, that Hallco identifies 11 witnesses that will all testify as to Plaintiff's inadequate
8 performance. Consequently, Hallco's arguments are significantly undermined by their own
9 potential witnesses, all of whom will seemingly testify about similar matters. The Court is
10 certainly not making any determination as to the relevancy or admissibility of any of this
11 proposed testimony, but it simply appears that at this stage of the proceedings, witnesses will
12 come from both states. Under such circumstances, Hallco has not shown that the convenience of
13 the witnesses strongly support transfer.

### 3. Interests of Justice

15       In considering the interests of justice, courts weigh such factors as "ensuring speedy trials,
16 trying related litigation together, and having a judge who is familiar with the applicable law try the
17 case." *Amazon*, 404 F. Supp. 2d at 1261 (quoting *Heller Financial, Inc. v. Midwhey Powder
18 Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)). "The 'interest of justice' analysis relates . . . to the
19 efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey v. Van
20 Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Courts also consider which district has the
21 most interest in litigating the dispute. *See Saleh*, 361 F. Supp. 2d at 1167.

22       In the instant case, it is undisputed that there is no related litigation in Oregon. Hallco
23 also makes no showing that the District of Oregon can litigate this claim any faster than this
24 Court. Nor can Hallco show that the District of Oregon is more familiar with law that applies to
25 this case. In fact, and as mentioned above, Plaintiff has brought his claims under the WLAD, the
26 WMWA, and Washington common law, which include legal principles and analyses that this
27 Court performs on a regular basis. It is this district, rather than the District of Oregon, that is
28 more familiar with the applicable legal principles of this case. And it is only this district, if any,

that has an interest in litigating a discrimination claim brought under Washington statutes and common law.

Overall, transfer should not be effectuated if it "would serve to merely shift rather than eliminate the inconvenience." *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp. 2d 1077, 1083 (C.D. Cal. 2002) (internal quotation and citation omitted). Here, transferring the case to Oregon would only serve such a purpose. Hallco fails to provide a compelling argument otherwise, instead only referring to general inconveniences and burdens that are clearly shared by Plaintiff if litigation would proceed in Oregon. Hallco, while not the corporate behemoth that Plaintiff makes it out to be, is indeed in a much better position to bear the inconvenience of litigating the case in Seattle. *See Romano v. Banc of America Insurances Services*, 528 F. Supp. 2d 127, 133 (E.D.N.Y. 2007) ("Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed.") (citations omitted). According to Plaintiff, Hallco is a corporation doing business throughout the United States and with a growing business worldwide. Hallco does not dispute this fact, and Hallco's very own website confirms that it "has distribution warehouses and service centers in North Carolina and Texas. Key to its success are its salespeople located throughout North America and its growing representation worldwide."[1] Ultimately, Hallco has not met its burden of proving that Oregon is the proper forum for this dispute. Defendant's motion to transfer is denied.

### C. Forums Non Conveniens

The Court finds that Hallco's arguments with respect to their forum non conveniens argument are nothing more than a rehash of their arguments seeking transfer. Because the Court has already denied Hallco's transfer motion, the Court likewise finds no merit in Hallco's dismissal argument for the reasons set forth above. Therefore Defendant's motion shall be denied it its entirety.

---

[1] http://www.hallcomfg.com/about/

ORDER
PAGE - 7

### III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and orders:

(1) "Defendant's Motion to Transfer/Dismiss" (Dkt. #4) is DENIED. Defendant is directed to answer Plaintiff's complaint within twenty (20) days from the date of this Order.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 15th day of January, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE